| **Fill in this information to identify the case:** |
|---|
| United States Bankruptcy Court for the: |
| District of Delaware |
| Case number (*If known*): _____ Chapter 11 |

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy  04/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| 1. | **Debtor's name** | Gustine Sixth Avenue Associates, Ltd. |
|---|---|---|

| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | |
|---|---|---|

| 3. | **Debtor's federal Employer Identification Number** (EIN) | 25 – 1780731 |
|---|---|---|

4. **Debtor's address**

| **Principal place of business** | **Mailing address, if different from principal place of business** |
|---|---|
| 300 Sixth Ave. | |
| Number    Street | Number    Street |
| | |
| | P.O. Box |
| Pittsburgh    PA    15222 | |
| City    State    ZIP Code | City    State    ZIP Code |
| | **Location of principal assets, if different from principal place of business** |
| Allegheny County | |
| County | Number    Street |
| | |
| | City    State    ZIP Code |

| 5. | **Debtor's website** (URL) | www.gnc.com |
|---|---|---|

| 6. | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br>☐ Partnership (excluding LLP)<br>☐ Other. Specify: _____ |
|---|---|---|

Official Form 201    Voluntary Petition for Non-Individuals Filing for Bankruptcy    Page 1

Debtor  __Gustine Sixth Avenue Associates, Ltd.__          Case number (*if known*)_____
        Name

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.  See http://www.uscourts.gov/four-digit-national-association-naics-codes
   __4461__

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box.  A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7
☐ Chapter 9
☒ Chapter 11. *Check all that apply*:

  ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625.  If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

  ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1).  Its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000. **and it chooses to proceed under Subchapter V of Chapter 11.**. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

  ☐ A plan is being filed with this petition.

  ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

  ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

  ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes.   District _____   When _____   Case number _____
                                        MM / DD / YYYY
         District _____   When _____   Case number _____
                                        MM / DD / YYYY

Debtor __Gustine Sixth Avenue Associates, Ltd.__    Case number (*if known*)_____
Name

**10.** **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☒ Yes.  Debtor **See Rider 1**    Relationship **Affiliate**

District _____    When _____ MM / DD / YYYY

Case number, if known _____

**11.** **Why is the case filed in *this* district?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12.** **Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
Number    Street

_____
City            State    ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact name _____

Phone _____

---

### Statistical and administrative information

**13.** **Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14.** **Estimated number of creditors (consolidated)**

☐ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

☐ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☒ More than 100,000

Official Form 201    Voluntary Petition for Non-Individuals Filing for Bankruptcy    Page 3

Debtor  Gustine Sixth Avenue Associates, Ltd.  Case number (*if known*)
           Name

| | | |
|---|---|---|
| **15. Estimated consolidated assets** | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☐ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☑ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |
| **16. Estimated consolidated liabilities** | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☐ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☑ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |

### Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

☐ The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

☐ I have been authorized to file this petition on behalf of the debtor.

☐ I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  06/23/2020
              MM / DD / YYYY

✗  /s/ Tricia Tolivar                                    Tricia Tolivar
Signature of authorized representative of debtor          Printed name

Title  Authorized Signatory

**18. Signature of attorney**

✗  /s/ Kara Hammond Coyle                       Date  06/23/2020
Signature of attorney for debtor                        MM / DD / YYYY

Kara Hammond Coyle
Printed name

Young Conaway Stargatt & Taylor, LLP
Firm name

Rodney Square, 1000 North King Street
Number     Street

Wilmington                                    DE        19801
City                                          State     ZIP Code

(302) 571-6600                                kcoyle@ycst.com
Contact phone                                 Email address

No. 4410                                      DE
Bar number                                    State

# RIDER 1

## PENDING OR CONCURRENT BANKRUPTCY CASES FILED BY AFFILIATES

On the date hereof, each of the affiliated entities listed below (including the debtor in this chapter 11 case) filed a voluntary petition for relief under title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware. A motion will be filed with the Court requesting that the chapter 11 cases of these entities be jointly administered for procedural purposes only.

| Entity Name | Federal Employer Identification Number (EIN) |
|---|---|
| GNC Holdings, Inc. | 20-8536244 |
| GNC Parent LLC | 20-5877572 |
| GNC Corporation | 72-1575170 |
| General Nutrition Centers, Inc. | 72-1575168 |
| General Nutrition Corporation | 25-1124574 |
| General Nutrition Investment Company | 51-0313878 |
| Lucky Oldco Corporation | 45-3007141 |
| GNC Funding Inc. | 20-8577837 |
| GNC International Holdings Inc. | 61-1869873 |
| GNC China Holdco LLC | 27-2120004 |
| GNC Headquarters LLC | 45-4317550 |
| Gustine Sixth Avenue Associates, Ltd. | 25-1780731 |
| GNC Canada Holdings, Inc. | 46-1613879 |
| General Nutrition Centres Company | 898190939 (Canadian) |
| GNC Government Services, LLC | 27-1532226 |
| GNC Puerto Rico Holdings, Inc. | 81-5034559 |
| GNC Puerto Rico, LLC | 66-0507234 |

# WRITTEN CONSENT

# OF THE PARTNERS OF

# GUSTINE SIXTH AVENUE ASSOCIATES, LTD.

### June 23, 2020

The undersigned, being the sole general partner (the "**General Partner**") and sole limited partner (the "**Limited Partner**" and collectively with the General Partner, the "**Partners**") of Gustine Sixth Avenue Associates, Ltd., a Pennsylvania limited partnership (the "**Partnership**"), acting pursuant to the applicable provisions of the Pennsylvania Uniform Limited Partnership Act of 2016 and the Partnership's agreement of limited partnership, hereby consent in writing to take the following actions and adopts the following resolutions by written consent (the "**Written Consent**") as if such resolutions had been duly adopted at a meeting of the Partners duly called and legally held and hereby directs that the original of this Written Consent be filed with the proceedings of the Partnership:

*Approval of Bankruptcy Filing*

**WHEREAS**, the General Partner is duly authorized to manage the business and affairs of the Partnership;

**WHEREAS**, the General Partner has reviewed and considered the materials presented by the management and financial and legal advisors of the Partnership regarding the potential present and future liabilities of the Partnership, the strategic alternatives available to it, and the impact of the foregoing on the Partnership's business;

**WHEREAS**, the General Partner has reviewed and evaluated the proposed Restructuring Support Agreement (substantially in the form attached hereto as Exhibit A, the "**RSA**") and the transactions contemplated thereby; and

**WHEREAS**, the General Partner has determined that it is in the best interests of the Partnership, its creditors, interest holders, and other interested parties to enter into the RSA, commence a case (the "**Chapter 11 Case**") under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") and to make an application under Part IV of the *Companies Creditors' Arrangement Act*, R.S.C. 1985, c. C-36, as amended (the "**CCAA**").

**NOW, THEREFORE, BE IT RESOLVED**, that in the judgment of the General Partner, it is desirable and in the best interests of the Partnership, its creditors, interest holders, and other interested parties, that the Partnership seek relief under the provisions of Chapter 11 of the Bankruptcy Code; and it is further

**RESOLVED**, that each "Authorized Person" (as defined below) shall be, and hereby is, authorized and directed on behalf of the Partnership to commence a Chapter 11 case by executing, verifying and delivering a voluntary petition in the name of the Partnership under Chapter 11 of

the Bankruptcy Code and causing the same to be filed with the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") in such form and at such time as the Authorized Person executing said petition shall determine; and it is further

**RESOLVED**, that each Authorized Person be, and each hereby is, authorized to swear any and all affidavits or execute any documentation or take any and all actions which they may deem necessary or proper in support of or in connection with the Partnership's application under the CCAA and the CCAA proceedings (the "**CCAA Case**"), and to retain and employ attorneys, information officers, monitors, investment bankers, accountants, financial advisors and any other professionals which they may deem necessary or proper to enable a successful restructuring of the Partnership; and it is further

**RESOLVED**, that each Authorized Person shall be, and hereby is, authorized, directed and empowered, to act in the name of the General Partner, for and on its own behalf, and in the General Partner's capacity as the sole general partner of the Partnership, for and on behalf of the Partnership, to take all actions necessary or appropriate for the Partnership to obtain post-petition financing, according to the terms negotiated by such Authorized Person, and to effectuate the foregoing, to enter into, execute, deliver and perform such loan agreements, documents, notes, guaranties, security agreements, pledge agreements and all other documents, agreements or instruments (collectively, the "**Credit Documents**") as may be deemed necessary or appropriate by the Authorized Person; and it is further

**RESOLVED**, that the RSA and the agreements and transactions contemplated thereby are in the best interests of the Partnership, its creditors, interest holders, and other interested parties, and the General Partner hereby authorizes and approves the execution and delivery of the RSA by the Partnership; and it is further

**RESOLVED**, that each other agreement, document and instrument contemplated by the RSA (the "**Ancillary Documents**") to be executed or delivered by the Partnership is hereby authorized and approved; and it is further

**RESOLVED**, that each Authorized Person shall be, and hereby is, authorized, directed and empowered, on behalf of and in the name of the Partnership, to document, execute, and deliver the RSA, as the same may be amended, supplemented, or modified, as such Authorized Persons may consider necessary, proper, or desirable, and in the best interests of the Partnership and its stakeholders generally, consistent with the intent of these resolutions, the execution thereof by such Authorized Persons to be conclusive evidence of such determination, and to negotiate, document, execute, and deliver such other documents and to take any and all such further action which such Authorized Person determines to be necessary or appropriate in order to effectuate the general intent of the foregoing resolutions, in each case to the extent such actions, amendments, supplements or modifications are generally inconsistent with the RSA; and it is further

**RESOLVED**, that the Partnership be, and it hereby is, authorized, to the extent applicable, to obtain the use of cash collateral, in such amounts and on such terms as may be agreed by any Authorized Person, including the grant of replacement liens, as is reasonably necessary for the continuing conduct of the affairs of the Partnership; and it is further

**RESOLVED**, that each Authorized Person be, and hereby is, authorized, directed and empowered, with full power of delegation, to act in the name of the General Partner, for and on its own behalf, and in the General Partner's capacity as the sole general partner of the Partnership, for and on behalf of the Partnership, to execute, verify and/or file, or cause to be filed and/or executed, or verified (or direct others to do so on their behalf as provided herein), and to amend, supplement or otherwise modify from time to time, all necessary or appropriate documents, including, without limitation, petitions, affidavits, schedules, motions, lists, applications, pleadings and other documents, agreements and papers, including all Credit Documents, and to take any and all actions that the Authorized Person deems necessary or appropriate; each in connection with the Chapter 11 Case, the CCAA Case, any post-petition financing or any cash collateral usage contemplated hereby; and it is further

**RESOLVED**, that to the extent not already authorized by prior resolution, each Authorized Person be, and hereby is, authorized, directed and empowered, to act in the name of the General Partner, for and on its own behalf, and in the General Partner's capacity as the sole general partner of the Partnership, for and on behalf of the Partnership, to employ and retain the law firms of Latham & Watkins LLP and Young Conaway Stargatt & Taylor, LLP to act as attorneys, Evercore Group, L.L.C. to act as investment banker and financial advisor and FTI Consulting, Inc. to act as financial advisor for the Partnership in connection with the Chapter 11 Case and to employ the law firm Torys LLP to act as attorneys in the CCAA Case; and it is further

**RESOLVED**, that each Authorized Person be, and hereby is, authorized, directed and empowered, to act in the name of the General Partner, for and on its own behalf, and in the General Partner's capacity as the sole general partner of the Partnership, for and on behalf of the Partnership, to employ and retain such further legal, restructuring, financial, accounting and bankruptcy services firms (together with the foregoing identified firms, the "**Professionals**") as may be deemed necessary or appropriate by the Authorized Person to assist the General Partner and the Partnership in carrying out their responsibilities in the Chapter 11 Case and the CCAA Case and attempting to achieve a successful reorganization.

*General*

**RESOLVED**, that each Authorized Person be, and hereby is, authorized, with full power of delegation, to act in the name of the General Partner, for and on its own behalf, and in the General Partner's capacity as the sole general partner of the Partnership, for and on behalf of the Partnership, to take or cause to be taken any and all such further action and to execute and deliver or cause to be executed or delivered, and to amend, supplement or otherwise modify from time to time, all such further agreements, documents, certificates, statements, notices, undertakings and other writings, and to incur and to pay or direct payment of all such fees and expenses, as in the judgment of the Authorized Person shall be necessary, appropriate or advisable to effectuate the purpose and intent of any and all of the foregoing resolutions; and it is further

**RESOLVED**, that all acts lawfully done or actions lawfully taken by any Authorized Person of the General Partner, acting in the name of the General Partner, for and on its own behalf, and in the General Partner's capacity as the sole general partner of the Partnership, for and on behalf of the Partnership, or any of the Professionals as directed by any Authorized Person, in connection with the Chapter 11 Case and CCAA Case or any proceedings related thereto, or any matter related thereto, be, and hereby are, adopted, ratified, confirmed and approved in all respects as the acts and deeds of the General Partner and of the Partnership, as applicable; and it is further

**RESOLVED**, that any and all actions, whether previously or subsequently taken by any Authorized Person or any other person authorized to act by an Authorized Person, that are consistent with the intent and purpose of the foregoing resolutions or in connection with any matters referred to herein, shall be, and the same hereby are, in all respects, ratified, approved and confirmed; and it is further

**RESOLVED**, that for the purposes of these resolutions, the term "**Authorized Person**" shall mean and include those individuals with the following titles: (1) President, Chief Executive Officer, (2) Vice President, Secretary and (3) Senior Vice President, Chief Financial Officer, in each case acting in the name of the General Partner, for and on its own behalf, and in the General Partner's capacity as the sole general partner of the Partnership, for and on behalf of the Partnership; and it is further

**RESOLVED**, that the foregoing resolutions are intended to be as broad as legally permissible so that no further resolutions shall be necessary to carry out the transactions and matters contemplated herein; and it is further

**RESOLVED**, that this Written Consent shall be filed in the minute book of the General Partner and with the proceedings of the Partnership.

[*Signature page follows*]

**IN WITNESS WHEREOF**, the undersigned has executed this written consent to be effective as of the date first written above.

<u>**GENERAL PARTNER:**</u>

**GNC HEADQUARTERS, LLC**

By: *[signature: Tricia Tolivar]*
Name: Tricia Tolivar
Title: President, Chief Executive Officer

<u>**LIMITED PARTNER:**</u>

**GENERAL NUTRITION CENTERS, INC.**

By: *[signature: Tricia Tolivar]*
Name: Tricia Tolivar
Title: President, Chief Executive Officer

[Signature Page to Written Consent of the Partners of Gustine Sixth Avenue Associates, Ltd.]

| Fill in this information to identify the case: | |
|---|---|
| Debtor name: GNC Holdings, Inc., *et. al* . | |
| United States Bankruptcy Court for the: District of Delaware | ☐ Check if this is an amended filing |
| Case number (if known): TBD | |

Modified Official Form 204

### Chapter 11 Case:  List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders                    12/15

The Debtor and its debtor affiliates (collectively, the "Debtors") each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The following is a consolidated list of the Debtors' creditors holding the 30 largest unsecured claims based on the Debtors' books and records estimated as of the petition date. This list is prepared in accordance with Bankruptcy Rule 1007(d)  for filing in these chapter 11 cases. The list does not include: (1) persons who come within the definition of "insider" set forth in section 101 of the Bankruptcy C24 Code; (2) secured creditors, unless the unsecured claim resulting from inadequate collateral value  places the creditor among the holders of the 30 largest unsecured claims; or (3) claims held by the Debtors' employees. The information presented in the list below shall not constitute an admission of liability by, nor is binding on, the Debtors, and the failure to list a claim as contingent, unliquidated, disputed, or subject to setoff does not constitute a waiver of any of the Debtors' right to contest the validity, priority, or amount of any claim.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim(for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 1 | THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A. ATTN: MINDY M. WRZESINSKI, SENIOR ANALYST, CLIENT SERVICE BNY MELLON CORPORATE TRUST US CORPORATE CLIENT SERVICE MANAGEMENT 500 ROSS STREET, 12TH FLOOR PITTSBURGH, PA 15262 | THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A. ATTN: MINDY M. WRZESINSKI, SENIOR ANALYST, CLIENT SERVICE PHONE: 412-234-7424 FAX: 412-234-8377 EMAIL: MELINDA.M.WRZESINSKI@BNYMELLON.COM | NOTES PAYABLE | | | | $157,899,413.00 |
| 2 | WOODBOLT DISTRIBUTION ATTN: DOSS CUNNINGHAM, PRESIDENT AND CEO 3891 S TRADITIONS DR BRYAN, TX 77807 | WOODBOLT DISTRIBUTION ATTN: DOSS CUNNINGHAM, PRESIDENT AND CEO PHONE: 800-870-2070 EMAIL: CORPORATEAR@WOODBOLT.COM | TRADE PAYABLE | | | | $4,853,286.39 |
| 3 | SIMON PROPERTY GROUP ATTN: DAVID SIMON, CHAIRMAN OF THE BOARD, CHIEF EXECUTIVE OFFICER AND PRESIDENT 867675 RELIABLE PARKWAY CHICAGO, IL 60686-0076  SIMON PROPERTY GROUP ATTN: DAVID SIMON, CHAIRMAN OF THE BOARD, CHIEF EXECUTIVE OFFICER AND PRESIDENT 225 WEST WASHINGTON STREET INDIANAPOLIS, IN 26204 | SIMON PROPERTY GROUP ATTN: DAVID SIMON, CHAIRMAN OF THE BOARD, CHIEF EXECUTIVE OFFICER AND PRESIDENT PHONE: 317- 685-7237 FAX: 317-263-7901 EMAIL: 3172637091@SIMON.COM | LANDLORD | | | | $4,562,909.27 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim(for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 4 | NUTRIVO LLC<br>ATTN: MIKE AND TONY COSTELLO, CO-FOUNDERS<br>DBA RIVALUS NUTRITION<br>1083 QUEEN STREET<br>SUITE 221<br>HALIFAX, NS B3H 0B2<br>CANADA | NUTRIVO LLC<br>ATTN: MIKE AND TONY COSTELLO, CO-FOUNDERS<br>PHONE: 800-620-4177<br>EMAIL: CGUMAN@NUTRIVO.COM | TRADE PAYABLE | | | | $4,012,113.14 |
| 5 | BROOKFIELD PROPERTY PARTNERS L.P.<br>ATTN: JARED CHUPAILA, CEO<br>350 N. ORLEANS STREET<br>SUITE 300<br>CHICAGO, IL 60654 | BROOKFIELD PROPERTY PARTNERS L.P.<br>ATTN: JARED CHUPAILA, CEO<br>PHONE: 312-960-5000<br>FAX: 312-442-6374<br>EMAIL: JOSHUA.DECKELBAUM@BROOKFIELDPROPERTIESRETAIL.COM | LANDLORD | | | | $3,764,737.11 |
| 6 | OPTIMUM NUTRITION INC<br>ATTN: YUKI PHIPPS<br>GLANBIA BUSINESS SERVICES INC<br>975 MERIDIAN LAKE DR<br>AURORA, IL 60504 | OPTIMUM NUTRITION INC<br>ATTN: YUKI PHIPPS<br>PHONE: 630-256-7415<br>EMAIL: SSNAREMITTANCE@GLANBIA.COM | TRADE PAYABLE | | | | $3,422,764.70 |
| 7 | LIFELONG NUTRITION INC<br>ATTN: JULIE CHUDAK, OWNER<br>C/O SEROYAL INTERNATIONAL INC<br>490 ELGIN MILLS RD EAST<br>RICHMOND HILL, ON L4C 0L8<br>CANADA | LIFELONG NUTRITION INC<br>ATTN: JULIE CHUDAK, OWNER<br>FAX: 800-722-9953<br>EMAIL: ACCOUNTSRECEIVABLE@SEROYAL.COM | TRADE PAYABLE | | | | $3,143,221.35 |
| 8 | RESVITALE LLC<br>ATTN: NAOMI WHITTEL, CEO<br>2255 GLADES ROAD<br>SUITE 342W<br>BOCA RATON, FL 33431 | RESVITALE LLC<br>ATTN: NAOMI WHITTEL, CEO<br>PHONE: 561-353-5401<br>EMAIL: ACCOUNTSRECEIVABLE@RESERVEAGE.COM | TRADE PAYABLE | | | | $2,585,001.74 |
| 9 | JYM SUPPLEMENT SCIENCE<br>ATTN: DR. JIM STOPPANI, FOUNDER<br>31356 VIA COLINAS #112<br>WEST LAKE VILLAGE, CA 91362 | JYM SUPPLEMENT SCIENCE<br>ATTN: DR. JIM STOPPANI, FOUNDER<br>PHONE: 714-756-1185<br>EMAIL: MIKE_MCERLANE@HOTMAIL.COM | TRADE PAYABLE | | | | $2,308,093.67 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 10 | JASPER PRODUCTS LLC<br>ATTN: KEN HAUBEIN, PRESIDENT<br>PO BOX 503776<br>ST LOUIS, MO 64804<br><br>JASPER PRODUCTS LLC<br>ATTN: KEN HAUBEIN, PRESIDENT<br>3877 E. 27TH STREET<br>JOPLIN, MO 64804 | JASPER PRODUCTS LLC<br>ATTN: KEN HAUBEIN, PRESIDENT<br>PHONE: 417-206-3877; 417-208-1116<br>FAX: 417-206-3434<br>EMAIL: JEANA.HARRIS@JASPERPRODUCTS.COM | TRADE PAYABLE | | | | $1,942,771.06 |
| 11 | DAS LABS LLC<br>ATTN: RYAN GARDNER, MANAGING PARTNER & CEO<br>313 SOUTH 740 EAST #3<br>AMERICAN FORK, UT 84003 | DAS LABS LLC<br>ATTN: RYAN GARDNER, MANAGING PARTNER & CEO<br>PHONE: 801-358-3572<br>EMAIL: RYAN@BUCKEDUP.COM | TRADE PAYABLE | | | | $1,941,436.18 |
| 12 | ADAPTIVE HEALTH LLC<br>ATTN: BRANDON ADCOCK, CO-FOUNDER AND CEO<br>615 S COLLEGE ST #1300<br>CHARLOTTE, NC 28202 | ADAPTIVE HEALTH LLC<br>ATTN: BRANDON ADCOCK, CO-FOUNDER AND CEO<br>PHONE: 704-557-0985<br>EMAIL: BRANDON@DIRECTDIGITALLLC.COM | TRADE PAYABLE | | | | $1,797,132.50 |
| 13 | FEDEX<br>ATTN: JOHN A. SMITH, PRESIDENT & CEO<br>PO BOX 371461<br>PITTSBURGH, PA 15250-7461<br><br>FEDEX<br>ATTN: JOHN A. SMITH, PRESIDENT & CEO<br>942 SOUTH SHADY GROVE ROAD<br>MEMPHIS, TN 38120 | FEDEX<br>ATTN: JOHN A. SMITH, PRESIDENT & CEO<br>PHONE: 800-622-1147; 901-818-7500<br>EMAIL: DARA.RUPERT@FEDEX.COM | TRADE PAYABLE | | | | $1,459,464.00 |
| 14 | BASIC RESEARCH<br>ATTN: BRAD STEWART, PRESIDENT AND CEO<br>5742 WEST HAROLD GATTY DR<br>SALT LAKE CITY, UT 84116 | BASIC RESEARCH<br>ATTN: BRAD STEWART, PRESIDENT AND CEO<br>PHONE: 801-517-7074<br>FAX: 801-517-7002<br>EMAIL: AR@BASICRESEARCH.ORG | TRADE PAYABLE | | | | $1,436,989.79 |
| 15 | REDCON1 LLC<br>ATTN: AARON SINGERMAN, CEO, OWNER<br>701 PARK OF COMMERCE<br>SUITE 100<br>BOCA RATON, FL 33487 | REDCON1 LLC<br>ATTN: AARON SINGERMAN, CEO, OWNER<br>PHONE: 954-551-9038<br>EMAIL: STEPHANIE@REDCON1.COM | TRADE PAYABLE | | | | $1,331,896.60 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim. If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 16 | VPX SPORTS<br>ATTN: JACK OWOC, OWNER, CEO & CSO<br>PO BOX 740930<br>ATLANTA, GA 30374-0930<br><br>VPX SPORTS<br>ATTN: JACK OWOC, OWNER, CEO & CSO<br>1600 NORTH PARK DRIVE<br>WESTON, FL 33326 | VPX SPORTS<br>ATTN: JACK OWOC, OWNER, CEO & CSO<br>PHONE: 954-641-0570<br>FAX: 954-641-4960<br>EMAIL: ACCOUNTS.RECEIVABLE@VPXSPORTS.COM | TRADE PAYABLE | | | | $1,154,128.40 |
| 17 | BPI SPORTS<br>ATTN: WALT FREESE, PRESIDENT AND CEO<br>3149 SW 42ND STREET<br>HOLLYWOOD, FL 33312 | BPI SPORTS<br>ATTN: WALT FREESE, PRESIDENT AND CEO<br>PHONE: 954-926-0900<br>EMAIL: AR@BPISPORTS.NET | TRADE PAYABLE | | | | $1,076,852.45 |
| 18 | VITAL PROTEINS<br>ATTN: KURT SEIDENSTICKER, CEO<br>29215 NETWORK PLACE<br>CHICAGO, IL 60673-1292<br><br>VITAL PROTEINS<br>ATTN: KURT SEIDENSTICKER, CEO<br>3400 WOLF RD<br>FRANKLIN PARK, IL 60131 | VITAL PROTEINS<br>ATTN: KURT SEIDENSTICKER, CEO<br>PHONE: 847-232-1713<br>EMAIL: AR@VITALPROTEINS.COM | TRADE PAYABLE | | | | $1,042,248.78 |
| 19 | NDS NUTRITION<br>ATTN: RYAN ZINK, PRESIDENT AND CO-OWNER<br>4509 S 143 ST STE 1<br>OMAHA, NE 68137 | NDS NUTRITION<br>ATTN: RYAN ZINK, PRESIDENT AND CO-OWNER<br>PHONE: 402-504-3043<br>EMAIL: SKINNAMAN@FITLIFEBRANDS.COM | TRADE PAYABLE | | | | $1,038,573.76 |
| 20 | GHOST LLC<br>ATTN: PRESIDENT OR GENERAL COUNSEL<br>4575 DEAN MARTIN DR<br>SUITE 2200<br>LAS VEGAS, NV 89103 | GHOST LLC<br>ATTN: PRESIDENT OR GENERAL COUNSEL<br>PHONE: 979-492-6711<br>EMAIL: PAUL@GHOSTLIFESTYLE.COM | TRADE PAYABLE | | | | $1,032,607.20 |
| 21 | MYADERM INC<br>ATTN: ERIC SMART, CEO<br>88 INVERNESS CIRCLE E UNIT A 101<br>ENGLEWOOD, CO 80112 | MYADERM INC<br>ATTN: ERIC SMART, CEO<br>PHONE: 303-562-4876<br>EMAIL: ACCOUNTING@MYADERM.COM | TRADE PAYABLE | | | | $970,830.37 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim(for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim  If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 22 | SONOMA NUTRACEUTICALS INC  ATTN: MONTY SHARMA, CEO  PO BOX 5  STATION D  TORONTO, ON M1R 4Y7  CANADA  SONOMA NUTRACEUTICALS INC  ATTN: MONTY SHARMA, CEO  130 MCLEVIN AVE UNIT 4  SCARBOROUGH, ON M1B 3R6  CANADA | SONOMA NUTRACEUTICALS INC  ATTN: MONTY SHARMA, CEO  PHONE: 416-332-1881; 416-292-8560  EMAIL: AR@BODYPLUS.CA;  SCOTT@SONOMANUTRACEUTICALS.COM | TRADE PAYABLE | | | | $945,477.28 |
| 23 | FACEBOOK INC  ATTN ACCOUNTS RECEIVABLE  15161 COLLECTIONS CENTER DRIVE  CHICAGO, IL 60693  FACEBOOK INC  ATTN ACCOUNTS RECEIVABLE  1 HACKER WAY  MENLO, CA 94025 | FACEBOOK INC  ATTN ACCOUNTS RECEIVABLE  PHONE: 650-543-4800  FAX: 650-543-4801  EMAIL: AR@FB.COM | TRADE PAYABLE | | | | $860,000.00 |
| 24 | NUTRAVAIL LLC  ATTN: RICHARD O'NEIL, CEO  14790 FLINT LEE ROAD  CHANTILLY, VA 20151 | NUTRAVAIL LLC  ATTN: RICHARD O'NEIL, CEO  PHONE: 703-222-6340  FAX: 703-961-1835  EMAIL: KCONNORS@NUTRAVAIL.COM | TRADE PAYABLE | | | | $844,259.71 |
| 25 | GOOGLE INC  ATTN: SUNDAR PICHAI, CEO  PO BOX 39000  DEPT 33654  SAN FRANCISCO, CA 94139  GOOGLE INC  ATTN: SUNDAR PICHAI, CEO  1600 AMPHITEATRE PARKWAY  MOUNTAIN VIEW, CA 94043 | GOOGLE INC  ATTN: SUNDAR PICHAI, CEO  PHONE: 650-253-0000  FAX: 650-253-0001  EMAIL: COLLECTIONS-US@GOOGLE.COM | TRADE PAYABLE | | | | $830,000.00 |
| 26 | 24-7 INTOUCH INC  ATTN: GREG FETTES, FOUNDER & CEO  240 KENNEDY STREET  2ND FLOOR  WINNIPEG, MB R3C 1T1  CANADA | 24-7 INTOUCH INC  ATTN: GREG FETTES, FOUNDER & CEO  PHONE: 204-318-3040  EMAIL: SHARON.INES@24-7INTOUCH.COM | TRADE PAYABLE | | | | $750,000.00 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim(for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 27 | HORMEL FINANCIAL SERVICES ATTN: JIM SNEE, PRESIDENT AND CEO PO BOX 93624 CHICAGO, IL 60673-3624 HORMEL FINANCIAL SERVICES ATTN: JIM SNEE, PRESIDENT AND CEO 1 HORMEL PL AUSTIN , MN 55912 | HORMEL FINANCIAL SERVICES ATTN: JIM SNEE, PRESIDENT AND CEO PHONE: 507-437-5634 FAX: 507-437-5489 EMAIL: INTERNATIONALBACK-UP@HORMEL.COM | TRADE PAYABLE | | | | $748,512.42 |
| 28 | HERBAL BRANDS INC ATTN: PRESIDENT OR GENERAL COUNSEL 1430 W AUTO DR SUITE 109 TEMPE, AZ 85284 | HERBAL BRANDS INC ATTN: PRESIDENT OR GENERAL COUNSEL PHONE: 602-680-1658 EMAIL: VICKI.RICHARDS@HERBALBRANDS.COM | TRADE PAYABLE | | | | $740,763.26 |
| 29 | HYBRID PROMOTIONS LLC ATTN: PRESIDENT OR GENERAL COUNSEL 10711 WALKER STREET CYPRESS, CA 90630 | HYBRID PROMOTIONS LLC ATTN: PRESIDENT OR GENERAL COUNSEL PHONE: 714-952-3866 EMAIL: LVALENCIA@HYBRIDAPPAREL.COM | TRADE PAYABLE | | | | $728,279.50 |
| 30 | COMMISSION JUNCTION LLC ATTN: MAYURESH KSHETRAMADE, CEO 4140 SOLUTIONS CENTER CHICAGO, IL 60677-4001 COMMISSION JUNCTION LLC ATTN: MAYURESH KSHETRAMADE, CEO 530 E MONTECITO ST SANTA BARBARA, CA 93103 | COMMISSION JUNCTION LLC ATTN: MAYURESH KSHETRAMADE, CEO PHONE: 805-830-8174; 800-761-1072 EMAIL: CJAR@CJ.COM | TRADE PAYABLE | | | | $720,000.00 |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| GNC HOLDINGS, INC., *et al.*, | ) Case No. 20-_____ (___) |
| Debtors.¹ | ) (Joint Administration Requested) |

**CONSOLIDATED LIST OF EQUITY INTEREST HOLDERS AND CORPORATE OWNERSHIP STATEMENT PURSUANT TO BANKRUPTCY RULES 1007(a)(1), 1007(a)(3), AND 7007.1**

Pursuant to Rules 1007(a)(1), 1007(a)(3), and 7007.1 of the Federal Rules of Bankruptcy Procedure, the above-captioned debtors and debtors in possession (each, a "**Debtor**") hereby state as follows:

1. Debtor GNC Holdings, Inc., whose address is 300 Sixth Avenue, Pittsburgh, Pennsylvania 15222, is the sole member of Debtor GNC Parent LLC.

2. Debtor GNC Parent LLC, whose address is 300 Sixth Avenue, Pittsburgh, Pennsylvania 15222, owns 100% of the equity interests in Debtor GNC Corporation.

3. Debtor GNC Corporation, whose address is 300 Sixth Avenue, Pittsburgh, Pennsylvania 15222, owns 100% of the equity interests in Debtor General Nutrition Centers, Inc.

4. Debtor General Nutrition Centers, Inc., whose address is 300 Sixth Avenue, Pittsburgh, Pennsylvania 15222, owns 100% of the equity interests in Debtors:

    a) General Nutrition Corporation;

---

¹ The Debtors in these Chapter 11 Cases, along with the last four digits of each debtor's United States federal tax identification number, if applicable, or other applicable identification number, are: GNC Holdings, Inc. (6244); GNC Parent LLC (7572); GNC Corporation (5170); General Nutrition Centers, Inc. (5168); General Nutrition Corporation (4574); General Nutrition Investment Company (3878); Lucky Oldco Corporation (7141); GNC Funding, Inc. (7837); GNC International Holdings, Inc. (9873); GNC China Holdco LLC (0004); GNC Headquarters LLC (7550); Gustine Sixth Avenue Associates, Ltd. (0731); GNC Canada Holdings, Inc. (3879); General Nutrition Centres Company (0939); GNC Government Services, LLC (2295); GNC Puerto Rico Holdings, Inc. (4559), and GNC Puerto Rico, LLC (7234). The Debtors' mailing address is 300 Sixth Avenue, Pittsburgh, Pennsylvania 15222.

  b) Lucky Oldco Corporation;

  c) General Nutrition Investment Company;

  d) GNC Funding, Inc.;

  e) GNC International Holdings, Inc.;

  f) GNC China Holdco LLC.; and

  g) GNC Headquarters LLC.

5. Debtor General Nutrition Centers, Inc., whose address is 300 Sixth Avenue, Pittsburgh, Pennsylvania 15222, owns 75% of the equity interests in Debtor Gustine Sixth Ave Associates, Ltd. Debtor GNC Headquarters LLC, whose address is 300 Sixth Avenue, Pittsburgh, Pennsylvania 15222, owns 25% of the equity interests in Debtor Gustine Sixth Ave Associates, Ltd.

6. Debtor General Nutrition Corporation, whose address is 300 Sixth Avenue, Pittsburgh, Pennsylvania 15222, owns 100% of the equity interests in Debtors:

  a) GNC Government Services, LLC; and

  b) GNC Puerto Rico Holdings, Inc.;

7. Debtor GNC Puerto Rico Holdings, Inc., whose address is 300 Sixth Avenue, Pittsburgh, Pennsylvania 15222, owns 70% of the equity interests in Debtor GNC Puerto Rico, LLC.

8. Debtor GNC International Holdings, Inc., whose address is 300 Sixth Avenue, Pittsburgh, Pennsylvania 15222, owns 100% of the equity interests in Debtor GNC Canada Holdings, Inc.

9. Debtor GNC Canada Holdings, Inc., whose address is 300 Sixth Avenue, Pittsburgh, Pennsylvania 15222, owns 100% of the equity interests in Debtor General Nutrition Centres Company.

| | |
|---|---|
| Fill in this information to identify the case: | |
| Debtor name | **Gustine Sixth Avenue Associates, Ltd.** |
| United States Bankruptcy Court for the: | DISTRICT OF DELAWARE |
| Case number (if known) | |

☐ Check if this is an amended filing

Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors   12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐ *Schedule H: Codebtors* (Official Form 206H)
☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐ Amended *Schedule*
☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
☒ Other document that requires a declaration   **Consolidated List of Equity Interest Holders Corporate Ownership Statement Pursuant to Bankruptcy Rules 1007(a)(1), 1007(a)(3), and 7007.1**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **06/23/2020**         ***/s/ Tricia Tolivar***
                                     Signature of individual signing on behalf of debtor

                                     **Tricia Tolivar**
                                     Printed name

                                     **Authorized Signatory**
                                     Position or relationship to debtor